UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMMY FAYARD

VERSUS

TIRE KINGDOM, INC.

CIVIL ACTION

NO. 09-171-BAJ-SCR

## RULING ON MOTIONS

This matter is before the Court on several pending motions, which will be considered seriatim.  The Court has carefully considered the briefs filed by the parties.  There is no need for oral argument.

### I.  Motion (doc. 26) by Plaintiff for Summary Judgment on Liability

Plaintiff Timmy Fayard seeks to recover damages resulting from an accident that occurred when the left front tire of his truck allegedly "dislodged" causing him to lose control of his vehicle and sustain serious injuries.  Plaintiff moves for partial summary judgment establishing defendant's negligence based upon the applicability of the doctrine of res ispa loquitur.  Defendant TBC Retail Group, Inc., d/b/a Tire Kingdom ("Tire Kingdom"), has filed an opposition.

Essentially, plaintiff contends that the only "fair and reasonable" conclusion is that the accident was due to defendant's negligence.  In support of this contention, plaintiff argues that is undisputed that: (1) the accident occurred within two blocks of defendant's store; (2) defendant had earlier that day removed and replaced the

tires having inspected the brakes of the vehicle.[1]  In opposition, defendant argues that application of res ipsa loquitur is a question for the jury; and, when there is any evidence to rebut an inference of negligence, summary judgment must be denied.

While this appears to be a close issue, the Court agrees with defendant that summary judgment would not be appropriate.  There is no direct evidence as to how the tire became separated from the truck.   Indeed, res ipsa loquitur has no application when direct evidence of defendant's negligence is available.  See, *Linnear v. Centerpoint Energy Entex/Reliant Energy*, 966 So.2d 36 (La. 2007). Moreover, as defendant argues there is evidence that the truck had vibrations and grinding in the front end prior to being serviced at Tire Kingdom (and defendant's brakes were not found to be in need of repair), the jury might infer that there was some mechanical problem that caused the vehicle to lose a tire independent of defendant's actions in servicing the vehicle.  The Court concludes that application of the doctrine under the circumstances of this case would best be fleshed out at trial.

## II. Motion (doc. 40) in Limine on Prospective Pay Raises and Health Insurance

Defendant moves to exclude any evidence of loss of prospective pay raises or loss of prospective health insurance benefits as being conjectural and unduly

---

[1]  Plaintiff also points to the deposition testimony of the store manager relating his "gut" feeling that Tire Kingdom was probably responsible.  Dep. Alan Linder, p. 96.

prejudicial.  No opposition having been filed, the Court finds that this motion (doc. 40) should be granted.

### III.  Motion (doc. 41) in Limine on Future Cervical Surgery

Defendant moves to exclude evidence of plaintiff's need for future cervical surgery (and the costs thereof) on the basis that such evidence would be speculative inasmuch as there is no expert testimony to show future surgery is necessary.  In opposition, plaintiff argues that he underwent surgery in January of 2010; and, he will not be released from his doctor's care until January 2011.  While plaintiff concedes that his doctor does not presently anticipate the need for future surgery, plaintiff request that this matter be deferred until closer to trial.

The Court finds that plaintiff's request is reasonable.  The Court will deny the motion (doc. 41) at this time, reserving defendant's right to reurge the motion when this matter is set for trial.

### IV.  Motion (doc. 39) in Limine on Testimony of Fentress and Rice

Defendant moves to exclude the testimony of plaintiff's vocational rehabilitation specialist (Nathaniel Fentress) and economist (Dr. Randolph Rice). Defendant argues that Fentress is obviously not qualified to testify as a medical expert and that he should not be allowed to express opinions contrary to the medical experts.  Additionally, defendant argues that any opinion given by Fentress will not assist the jury.  Defendant further contends that Dr. Rice's conclusions are flawed

3

because they are based upon assessments made by Fentress on work options available to plaintiff.

Having carefully considered the arguments, the Court finds that this is not a matter of wholesale exclusion of testimony. This issues should be addressed by way of objections, cross examination and argument at trial. The motion (doc. 39) will be denied without prejudice to being readdressed at trial.

## V.   Motion (doc. 49) in Limine on Job Market and Future Employment Discrimination

Defendant moves to exclude evidence relating to loss of future wages or earning capacity stemming from any difficulties plaintiff may have in obtaining employment due to his having undergone a cervical operation. Defendant contends that plaintiff has no medical evidence to support this claim for damages.

In opposition, plaintiff contends that testimony from Fentress, his vocational rehabilitation specialist, and from his neurosurgeon, Dr. Kenneth Vogel, will speak to this issue. Having carefully considered the arguments, the Court finds that plaintiff should be given the opportunity to lay a proper foundation for such evidence at trial. The motion (doc. 49) is denied without prejudice to being reurged at trial.

## VI.  Motion (doc. 38) in Limine on Liability Insurance

This motion seeks to eliminate references to liability insurance– "insurance examiner," "insurance doctors," "insurance medical examination," or any such similar terminology.  There is no opposition; and the motion (doc. 38) will be granted.

## VII.  Motion (doc. 37) in Limine on Evidence of Property Damage Settlement

Defendant seeks to exclude evidence of any property damage agreement or settlement under Fed.R.Evid. 408(a), which prohibits introduction of settlements amounts to prove liability.   In its brief, defendant refers to "property damage settlement" that was "handled" by defendant's third party administrator.   In opposition, plaintiff argues that there was an "unconditional payment" as opposed to a "settlement."

While the parties have sufficiently muddied the waters on this issue, the Court agrees with defendant that in any event such evidence would be unduly prejudicial and confusing to the jury.  The Court rejects plaintiff's argument that the evidence is needed to "help the jury understand the extent of the property damage and nature of the accident."  The motion (doc. 37) will be granted under Fed.R.Evid. 403.

## VIII.  Motion (doc. 36) in Limine on Testimony of Dr. Andrews

Defendant seeks to bar testimony from neuropsychologist, Dr. Susan Andrews, retained by plaintiff.  Essentially, defendant contends that Dr. Andrews did

not conduct sufficient interviewing and testing to render an opinion as to "postconcussion syndrome."

In her report, Dr. Andrews concurs with the diagnosis of Dr. Shamsnia. Defendant persuasively argues that Dr. Andrews defers to Dr. Shamsia's findings without any actual analysis or scientific basis. Plaintiff fails to oppose the motion and explain how Dr. Andrews' testimony would be any significant benefit to the jury. The motion (doc. 36) will be GRANTED.

## CONCLUSION

Accordingly, the Court rules as follows:

Plaintiff's motion for partial summary judgment on liability (doc. 26) is **DENIED**. Defendant's motion in limine to exclude evidence of prospective pay raises and health insurance (doc. 40) is **GRANTED**. Defendant's motion to exclude evidence on future cervical surgery (doc. 41) is **DENIED**, reserving defendant's right to reurge this motion when this matter is set for trial. Defendant's motion to exclude the testimony of Mr. Fentress and Dr. Rice (doc. 39) is **DENIED**, without prejudice to being readdressed at trial. Defendant's motion regarding the job market and future employment discrimination (doc. 49) is **DENIED** without prejudice to being reurged at trial. Defendant's motion (doc. 38) on liability insurance is hereby **GRANTED**. Defendant's motion regarding property damage settlement (doc. 37) is hereby

6

**GRANTED**. Defendant's motion to exclude the testimony of Dr. Andrews (doc. 36) is hereby **GRANTED**.

The motion in limine regarding James Funk (doc. 58) will be submitted upon filing of the opposition, which is due on September 21, 2010.  Thereafter, this matter will be promptly assigned for pretrial conference.

Baton Rouge, Louisiana, September _13_, 2010.


BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA