UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMMY FAYARD

VERSUS

TIRE KINGDOM, INC.

CIVIL ACTION

NO. 09-171-BAJ-SCR

## RULING ON MOTION IN LIMINE

This matter is before the Court on a motion in limine by plaintiff, Timmy Fayard to exclude the testimony of defendant's biomechanical expert, James R. Funk (doc. 58). The motion is opposed (doc. 65). Plaintiff has filed a motion for leave to reply to the opposition (doc. 66) and defendant, Tire Kingdom, Inc., has moved for oral argument on the motion in limine (doc. 67). The Court finds that the issue is adequately briefed and that neither a reply to the opposition nor oral argument is necessary. Accordingly, the Court will deny the motions for leave to reply and for oral argument.

Plaintiff seeks to recover damages allegedly resulting from an automobile accident that occurred when the left front tire of his 1997 Ford Silverado truck "dislodged," causing him to lose control of the vehicle and sustain serious injuries. Plaintiff alleges that he struck his head during the course of the accident and thus injured his head and neck, causing him pain and suffering and necessitating medical care, including cervical disc surgery. Defendant seeks to introduce the testimony of

its biomechanical expert, Dr. James R. Funk, to set forth evidence to establish that the accident did not cause the head and neck injuries claimed by plaintiff.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702[1] and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, (509 U.S. 579) (1973), which provide that the court serves as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based.

Defendant asserts that "Dr. Funk was retained in this case to address several narrow issues: (1) whether Mr. Fayard's testimony that he struck his head on the ceiling of his vehicle in the accident sequence is plausible; (2) whether, if Fayard could not have struck his head, the alleged herniation could be attributed to the landing force or some other force associated with the incident; and (3) whether, if Mr.

---

[1] Federal Rules of Evidence 702 provides:

> If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fayard did somehow strike his head on the ceiling of the vehicle, the associated forces would be sufficient to cause a disc herniation or other type of injury" (doc. 65, pp. 4-5). Dr. Funk therefore, performed a "battery of simulation tests" using a 2006 Mercedes SUV and a 1999 GMC Yukon (doc. 65, p. 5; Ex. F, p. 5).

To simulate the accident, Dr. Funk had the front left tires removed from the test vehicles and removable spacers were placed to approximate the height of the left front suspension. The spacers were then removed and replaced multiple times "in an effort to calculate and quantify the vertical and horizontal forces involved in the accident" (doc. 65, p. 5; Ex. F, pp. 5-8). Defendant also notes that Dr. Funk calculated the horizontal deceleration of the vehicle by using "the scientifically accepted co-efficient of friction for metal sliding on pavement." (*Id.* at 65; Ex. F, p. 6). Defendant argues that the above "tests proved beyond any doubt that Mr. Fayard's head and the roof of his vehicle fell at the same rate, thus making it impossible for Fayard to have struck his head on the roof of his vehicle in connection with the subject incident." (*Id.* at 5; Ex. F, p. 7). Defendant asserts that the tests also prove that it would not have been possible for Mr. Fayard to have struck his head on the driver's side window or anything else during the course of the event. (*Id.* at 5-6; Ex. F, pp. 7, 8). Defendant further notes Dr. Funk's conclusion, based on the tests, that the injury potential for the subject accident would be comparable to, or less than, seemingly benign activities such as coughing, sneezing, and plopping down in a chair. (*Id.* at 6; Ex. F, figs. 4, 5).

In reviewing the principles and methodology used in the testing, the Court is struck by several factors. The Court notes that the tests did not account for such variables as the possibility that plaintiff may have applied emergency braking during the early phase of the accident, thus potentially altering both the vertical and horizontal forces sustained.[2] The Court also notes that, though the tests incorporate a horizontal deceleration element based on "the scientifically accepted co-efficient of friction for metal sliding on pavement," the tests did not involve a horizontally moving vehicle falling onto pavement which might be marked by defects or joints such as might be found in the road at the scene of the accident. The Court further notes that the vehicles used in the tests were both sport utility vehicles rather than pickup trucks, and, therefore, are likely to demonstrate different wheel loading than the pickup truck in which plaintiff claims to have been injured.

In conclusion, the Court finds that the tests conducted by Dr. Funk, and, therefore, the proposed testimony based on those tests, fail to satisfy the criteria set forth by Rule 702 of the Federal Rules of Evidence or the reliability and methodology prong of the *Daubert* analysis, which serve to ensure that expert evidence is based

---

[2] The report does indicate that Mr. Fayard applied brakes during the latter part of the sliding phase (Ex. F. p. 7), but does not address the possibility that the brakes may have been applied during the falling phase even though it acknowledges that plaintiff may have experienced a "startle response" (Ex. F, p. 9).

on sufficient facts or data and reliable principles and methods reliably applied to the facts of the case.[3]

## CONCLUSION

For all the foregoing reasons, the motion in limine by plaintiff, Timmy Fayard, to exclude the expert testimony of Dr. James R. Funk (doc. 58) is hereby **GRANTED**. The motion by plaintiff for leave to reply to the opposition to the motion in limine (doc. 66) is **DENIED**, and the motion by defendant for oral argument on the motion in limine is **DENIED**.

Baton Rouge, Louisiana, October 12, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3]Having found that the proposed testimony fails to satisfy the criteria of Rule 702 or the reliability and methodology prong of the *Daubert* analysis, the Court need not consider the relevance of the proposed testimony or the qualifications of the proposed expert witness.