UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMMY FAYARD

VERSUS

TIRE KINGDOM, INC.

CIVIL ACTION

NO. 09-171-BAJ-SCR

## RULING ON MOTION IN LIMINE

This matter is before the Court on a motion by defendant, TBC Retail Group, Inc. (f/k/a/ Tire Kingdom, Inc.), for reconsideration of the Court's ruling of October 12, 2010, which granted plaintiff's motion in limine to exclude the testimony of defendant's biomechanical expert, James R. Funk. The motion is opposed. Jurisdiction is based on 28 U.S.C. §1332.

Defendant argues, *inter alia,* that even though Dr. Funk performed his testing on sport utility vehicles rather than on pickup trucks similar to the one involved in the accident, the results are reliable because Dr. Funk found the differences in the vehicles to be negligible. Defendant, however, acknowledges that the front wheel loading of the GMC Yukon used in the tests is proportionately less than that of the 1997 Chevrolet Silverado in which plaintiff claims to have been injured when the front tire dislodged.[1] Moreover, neither the memorandum in support of the motion

---

[1] Dr. Funk states that he calculated the wheel loading of the Yukon and found that the front wheels bear 27 % of the vehicle weight whereas the front wheels of the truck involved in the accident bear 30% of the vehicle weight.

1

for reconsideration, nor the attached affidavit of Dr. Funk (doc. 69-3) addresses the wheel loading of the Mercedes used in the tests.

Though Dr. Funk asserts that the Yukon has "frame, body, and suspension components *similar* to Mr. Fayard's vehicle" (doc. 69-1, p. 9 (emphasis added)), the Court notes that the Yukon has an enclosed sport utility body, whereas the vehicle involved in the accident has an open-bed pickup truck body.[2] Such notable differences may ultimately be significant, particularly when they are potentially compounded by differences in other factors such as the suspension, frame, and the admittedly lighter front wheel loading of at least one of the test vehicles.

The Court further notes that Chevrolet Silverados are fairly common vehicles, and it is unclear to the Court why defendant's expert would perform tests on vehicles not only of a different model, but of different makes and body style than the vehicle involved the accident. Even without considering the other concerns expressed by the Court in its ruling on the motion in limine, the Court finds that, for the above reasons, the tests conducted by Dr. Funk on the test vehicles fail to satisfy the criteria set forth by Rule 702 of the Federal Rules of Evidence and the reliability and methodology prongs of the *Daubert* analysis, which serve to ensure that expert

---

[2]The memorandum in support of the motion for reconsideration does not compare the tested Mercedes sport utility vehicle to the Chevrolet Silverado involved in the accident, though the memorandum in opposition to the motion in limine summarily asserts that Dr. Funk "procured a Mercedes SUV and a GMC Yukon because they had frame, body, and suspension components similar to the 1997 Chevrolet Silverado operated by Mr. Fayard on the date of the incident" (doc. 65, p. 5).

2

evidence is based on sufficient facts or data and reliable principles and methods reliably applied to the facts of the case.[3]

Defendant argues that, even if the Court finds that the tests fail to meet the criteria of admissibility, the appropriate remedy should be to limit Dr. Funk's testimony to opinions not reliant on the testing as opposed to completely excluding any testimony by Dr. Funk. Specifically, defendant argues that Dr. Funk should be allowed to testify regarding the severity of impact under a worst-case scenario as described in the last bullet point of page five of his report and regarding the biomechanics of disc herniation as addressed in pages ten through twelve of his report (doc. 69-1, p. 11).

As to testimony regarding the severity of impact described in page five of the report, the analysis is based, at least in part, upon the compression of the right front and left rear suspension and upon tests involving the "fall rate" of the center of gravity of the test vehicles (see doc. 58-4, p. 5-6). Thus, such testimony would be based upon inadmissible test results. The Court, however, finds merit in defendant's argument insofar as defendants may wish to introduce testimony by Dr. Funk

---

[3]Federal Rules of Evidence 702 provides:

> If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

regarding the biomechanics of disc herniation as described in pages ten through the first partial paragraph of page twelve of the report. Such testimony is not based upon the inadmissible tests and nothing in the Court's ruling should bar such testimony.

The Court notes, however, that such testimony may be subject to exclusion on other grounds not addressed in the ruling on the motion in limine or in this ruling on the motion for reconsideration.

## CONCLUSION

For the foregoing reasons, the motion (doc. 69) by defendant, TBC Retail Group, Inc., for reconsideration of the ruling of October 12, 2010, is **DENIED** insofar as the motion seeks reconsideration of the Court's ruling excluding testimony by Dr. Funk that is based upon, or related to, the tests conducted on the test vehicles, and **GRANTED** insofar as defendant seeks to have the exclusion limited to testimony that is based upon or related to those tests.

Baton Rouge, Louisiana, December 29, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA