UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMMY FAYARD

CIVIL ACTION

VERSUS

NO. 09-171-BAJ-SCR

TIRE KINGDOM, INC.

## RULING ON MOTIONS

This matter is before the Court on motions by plaintiff, Timmy Fayard, to consider additional jury charges (doc. 91), and to limit defendant's expert testimony to either Dr. Robert Applebaum or Dr. Melvin Parnell (doc. 92). Both motions are opposed (docs. 93 & 94, respectively). Trial of this matter is scheduled for July 11, 2011.

In support of the motion to exclude testimony, plaintiff does not argue that any of the proposed testimony is irrelevant or otherwise inadmissible, but the caption of the motion refers to the testimony of the two physicians as "duplicative," and plaintiff argues that "it is unfair for defendant to use more than one 'independent' doctor to address the issues of the nature and extent of plaintiff's injuries or his need for neck surgery" (doc. 92-1, p. 2). The Court, therefore, construes plaintiff's motion as a motion to exclude the testimony of one of the physicians because its probative value would be substantially outweighed by considerations of delay, waste of time, or needless presentation of cumulative evidence pursuant to Federal Rule of Evidence 403.

Plaintiff has directed the Court to no grounds that support his suggestion that the proposed testimony would be duplicative other than, perhaps, the mere fact that both witnesses are medical experts. The Court notes, however, that the two medical experts practice in substantially different fields of medicine—Dr. Parnell is an orthopedic surgeon whereas Dr. Applebaum is a neurosurgeon. Should the Court find at trial that the testimony amounts to a needless presentation of cumulative evidence the Court may limit the testimony. Accordingly, the Court finds no merit in plaintiff's motion to exclude testimony.

In support of his Motion to Consider Additional Jury Charge, plaintiff objects to the Court's instructions regarding submission of proposed jury instructions, stating that "[t]he sole and strict use of 'Louisiana Civil Jury Instructions' for charges outside Fifth Circuit pattern charges fail [sic] to include proper issues of law relevant to this case so that the jury may make a fair and carefully reasoned verdict" (doc. 91-1). As counsel for defendant notes, however, the Court has merely expressed its preference for the use of pattern instructions by instructing the parties that the use of Louisiana pattern instructions "is required, *if applicable*." *See,* Final Pretrial

Template, n. 10 (emphasis added).[1]  Nothing in the standing order limits the submission of additional instructions where they are applicable.

Though plaintiff's submission is untimely,[2] the Court notes that defendants have had an opportunity to state their opposition to the proposed special jury instructions and have been fully heard on the issue.  Therefore, to the extent that the Court may find them applicable, the Court will grant the motion for consideration of the proposed instructions.

## CONCLUSION

For all of the foregoing reasons, the motion to consider additional jury charges (doc. 91) is **GRANTED,** and the motion in limine to exclude expert testimony (doc. 92) is **DENIED.**

Baton Rouge, Louisiana, June **21**, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1]The parties were directed to the Final Pretrial Template by the Order of February 9, 2011, which provides in pertinent part:

> Counsel for the plaintiff(s), with the cooperation and assistance of all other counsel and any unrepresented parties, shall prepare a written pretrial order in this case to be signed by all counsel of record and then submitted to the Court not later than March 11, 2011. Counsel shall use the pretrial order instructions and template that may be accessed from the Pre Trial Order link on the Louisiana Middle District Homepage.

(Doc. 75, ¶ 7).

[2]See, n. 1, *supra*.